# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

Case No. 12-57332

AMRO ALBANNA,

Plaintiff-Appellant,

v.

JP MORGAN CHASE BANK N.A.,

Defendant/Appellee

## APPELLANT'S OPENING BRIEF

APPEAL FROM FINAL ORDERS OF THE UNITED STATES DISTRICT
COURT FOR THECENTRAL DISTRICT OF CALIFORNIA
CASE NO. 5:12-cv-01379-RGK

Respectfully Submitted,

**DE NOVO LAW FIRM**
**BENJAMIN A. YRUNGARAY, ESQ.**
CA Bar # 256224
Counsel for Appellant
3637 Arlington Ave. Suite D
Riverside, CA 92506
Telephone (951) 801-5570
Facsimile: (877) 932-6223
E-mail: byrungaray@denovofirm.com

Attorney for Appellant
AMRO ALBANNA

# **TABLE OF CONTENTS**

TABLE OF CONTENTS .................................................................................. i

TABLE OF AUTHORITIES ......................................................................... iii

STATEMENT OF THE CASE AND FACTS ............................................... 1

    Introduction ................................................................................................ 1

    Statement of the Facts ................................................................................ 1

SUMMARY OF THE ARGUMENT ............................................................. 2

STANDARD OF REVIEW ............................................................................ 3

    A. An appellate court reviews de novo a District Court's grant of a motion for judgment on the pleadings as motion is virtually identical to motion under Fed. Rules. Civ. Proc. 12(b)(6) ...................... 3

    B. Pleading at Tender Stage Requirement is contrary to previous 9th circuit precedent ................................................................................ 4

    C. The District Court Exercised an Abuse of Discretion in its Ruling on the Matter ................................................................................ 6

    D. Trial Court Erred in Granting Motion for Judgment on Pleadings Without Fully Considering the Allegations ........................... 8

        I.   Plaintiff and Defendant Entered Into a Valid Enforceable Written Agreement that provided that Plaintiff would be Sent a Final Modification Upon Completion of Payments .......................... 8

        II.   Defendant Breached the Agreement to Consider Plaintiff for a Loan Modification .................................................................. 9

        III.   The Agreement Between Plaintiff and Defendant is Internally Contradictory and Raises Valid Issues of Fact that Cannot Be Determined on a Motion for Judgment on the Pleadings ................................................................................. 10

CONCLUSION ....................................................................................... 11

STATEMENT OF RELATED CASES ...................................................... 12

CERTIFICATE OF COMPLIANCE WITH FONT STANDARD ............. 13

CERTIFICATE OF SERVICE ................................................................... 14

## **TABLE OF AUTHORITIES**

**Cases:**                                                                                               **Page**

Ashcroft v. Iqbal
129 S.Ct. 1937, 1949 (2009) ............................................................................... 5

Bell Atl. Corp. v. Twombly
550 U.S. 544 (2007) ...................................................................................... 5, 7

Broam v. Bogan
320 F.3d 1023 (9th Cir. 2003) .......................................................................... 6

Bustamante v. Intuit, Inc.
141 Cal. App. 4th 199 (2006) ........................................................................... 8

Cahill v. liberty Mutual Ins. Co.
80 F.3d 336 (9th Cir. 1996) .............................................................................. 5

Doe v. United States Dept. of Justice
753 F.2d 1092  (DC Cir. 1985)......................................................................... 7

Dworkin v. Hustler Magazine, Inc.
867 F.2d 1188 (9th Cir. 1989) .......................................................................... 3

Gilligan v. Jamco Dev. Corp.
108 F.3d 246 (9th Cir. 1997) ............................................................................ 4

Hal Roach Studios, Inc. v. Richard Feiner & Co.
896 F.2d 1542 (9th Cir. 1990) .......................................................................... 4

Hartford Fire Ins. Co. v. California
509 U.S. 764 (1993) ......................................................................................... 4

Lormand v. US Unwired, Inc.
565 F.3d 228 (5th Cir. 2009) ............................................................................ 6

Palm Beach Pain Management, Inc. v. Carroll
7 So. 3d 1144 (Ca. 4th DCA 2009) .................................................................. 4

Peloza v. Capistrano Unified School Dist.
37 F.3d 517 (9th Cir. 1994) ............................................................................. 5

Robinson & Wilson, Inc. v. Stone
35 Cal. App. 3d 396 [110 Cal. Rptr. 675] ..................................................... 10

Scheuer v. Rhodes
416 U.S. 232, 236 (1974) ............................................................................... 6

Swartz v. KPMG LLP
476 F.3d 756  (9th Cir. 2007) ........................................................................ 7

**Rules**

Federal Rule 8(a) ............................................................................................ 6

Federal Rule 12(b)(6) ....................................................................... 4, 5, 6,  7

Federal Rule 12(c) ...................................................................................... 3 4

Schwarzer, Cal. Prac. Guide
FED. CIV. PRO. BEFORE TRIAL (2005) ..................................................... 7

iv

## JURISDICTIONAL STATEMENT

This court has jurisdiction under 28 U.S.C.A.

The District Court dismissed all of Appellant's causes of action for Appellees on **November 27, 2012**.

Appellant filed a notice of appeal on **December 27, 2012** per Fed. R. App. Proc. *4(a)(1)(A)*.

## INTRODUCTION

Plaintiff alleged separately and distinctly ten (10) different causes of action against Defendant. Claims against Defendant include 1) breach of contract; 2) promissory estoppel; 3) Injunctive Relief; 4) Accounting; 5) Intentional Misrepresentation; 6) Negligent Misrepresentation; 7) Restitution; 8) Conspiracy; 9) Unfair Business Practices; 10) Breach of the implied covenant of good faith and fair dealing.

## STATEMENT OF THE FACTS

This case originated in Riverside County Superior Court as an unlimited civil complaint filed on July 12, 2012. Defendant JPMorgan Chase Bank, N.A. filed a Notice of Removal to federal Court on August 17, 2012. The case was removed to United States District Court, Central Division and opened as Case No. 5:12-cv-01379-RGK and assigned to the Honorable R. Gary Klausner.

Defendant JPMorgan Chase Bank N.A. filed a motion for judgment on the pleadings on September 10, 2012.

Plaintiffs filed an opposition to the motion for judgment on the pleadings on September 27, 2012. On November 27, 2012, the court issued a Chamber's Order granting the motion for judgment on the pleadings and dismissing all of Plaintiff's causes of actions.

On December 27, 2012, Plaintiff filed a NOTICE OF APPEAL of the final judgment on the pleadings entered on November 27, 2012 with the District Court of Appeal, Ninth District of California, opened as Docket Number 12-57332.

All local rules and procedures of the Ninth District Court of Appeal have been followed including the opening brief deadline of July 10, 2013.

## SUMMARY OF THE ARGUMENT

The District Court's Order Granting Defendants' Motion to Dismiss should be reversed as:

1.) The trial court erred in Granting the Motion for Judgment on the Pleadings, specifically

   a. The Granting of a Motion for Judgment on the Pleadings at this pleading stage does not comport with Ninth District precedence;

2.) The District Court erred in dismissing all causes of action, specifically when there is evidence of a written agreement between Plaintiff and Defendant

2

modifying the terms of the mortgage.

    a. The agreement between Plaintiff and Defendant is certain as it contains material provisions about changes made to the loan payments while keeping the foundation of the original loan.

    b. Because the agreement at issue is internally contradictory, the existence of a contract is a question of fact to be determined by a trier of fact and not appropriate for a motion for judgment on the pleadings.

## LEGAL ARGUMENT

1. STANDARDS GENERALLY APPLICABLE TO 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS

    A) AN APPELLATE COURT REVIEWS DE NOVO A DISTRICT COURT'S GRANT OF A MOTION FOR JUDGMENT ON THE PLEADINGS. FED. RULES. CIV. PROC. RULE. 12(c).

The Defendants moved for a judgment on the pleadings under Federal Rule of Civil Procedure 12(c). For purposes of analysis, a motion for judgment on the pleadings is virtually identical to a motion under Federal Rule of Civil Procedure 12(b)(6) and the review of the District Court is performed de novo. The only difference is that a 12(c) motion is brought "after the pleadings are closed – but early enough not to delay a trial." Fed. R. Civ. P. 12(c). <u>Dworkin v. Hustler</u>

Magazine, Inc. 867 F.2d 1188, 1192 (9th Cir. 1989). The court may grant a Rule 12(c) motion for judgment on the pleading only if, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1990).

    B)    DISMISSAL OF ENTIRE ACTION DOES NOT COMPORT WITH NINTH CIRCUIT PRECEDENT

Although Defendants motion for judgment on the pleadings was filed under Federal Rule of Civil Procedure 12(c), the motion is treated identically to a motion for failure to state a cause of action under Rule 12(b)(6). Motions to dismiss are viewed with disfavor and dismissals are "rarely granted." Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). The standard for dismissal under 12(b)(6) is a stringent one. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief." See Hartford Fire Ins. Co. v. California, 509 U.S. 764, 811 (1993) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993).

The "burden of proving the absence of a genuine issue of material fact is upon the moving party." Palm Beach Pain Management, Inc. v. Carroll, 7 So. 3d 1144, 1145 (Ca. 4th DCA 2009) (citing Holl v. Talcott, 191 So. 2d 40, 43 (Ca.

4

1966). The Court must consider the evidence contained in the record, including any supporting affidavits, in the light most favorable to the non-moving party and if the slightest doubt or conflict in the evidence, then summary judgment must be reversed. Id.

In ruling on a motion to dismiss, the court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. Cahill v. liberty Mutual Ins. Co. 80 F.3d 336, 337-338 (9th Cir. 1996). Courts must assume that all general allegations "embrace whatever specific facts might be necessary to support them." Peloza v. Capistrano Unified School Dist. (9th Cir. 1994) 37 F.3d 517, 521. To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, U.S.- 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556)

The sole issue raised by a Rule 12(b)(6) motion is whether the facts pleaded would, if established, support a plausible claim for relief. Thus, no matter how improbable the facts alleged are, they must be accepted as true for purposes of the

5

motion.

Plaintiff has sufficiently pled both plausible factual allegations, as well as legal claims, to enable the Complaint to move forward. This is not the phase in litigation to weigh the merits of the case. In reviewing the sufficiency of the claims asserted, the issue is not whether Plaintiff will ultimately prevail, but whether the Plaintiff is entitled to offer evidence to support the claims asserted. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### C)     THE DISTRICT COURT EXERCISED AN ABUSE OF DISCRETION IN ITS RULING ON THE MATTER

Federal courts allow "notice pleading," requiring only a short and plain statement of the claim showing that the pleader is entitled to some form of relief. FRCP 8(a). While a heightened standard is required for certain types of claims, none of the claims asserted in this action are subject to any heightened pleading standard. In light of these liberal pleading standards, motion to dismiss are to be viewed by trial courts viewed with disfavor. Traditionally, courts have viewed with "disfavor" motions to dismiss under Rule 12(b)(6) because of the lesser role pleadings play in federal practice and the liberal policy regarding amendment, citing Lormand v. US Unwired, Inc. (5th Cir. 2009) 565 F.3d 228, 232 – Rule 12(b)(6) motions "viewed with disfavor and rarely granted"; Broam v. Bogan (9th Cir. 2003) 320 F.3d 1023, 1028 –Rule 12(b)(6) dismissal with prejudice proper

only in "extraordinary" cases.

The court has cited no extraordinary circumstances justifying a complete dismissal of this action.

Moreover, a "court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). A rule 12(b)(6) motion based on extrinsic facts cannot be granted where there is a genuine issue as to any material fact. Schwarzer, Cal. Prac. GUIDE: FED. CIV. PRO. BEFORE TRIAL (2005) ¶9.96

A rule 12(b)(6) motion will not be granted merely because plaintiff requests a remedy to which he or she is not entitled. "(I)t need not appear that the plaintiff can obtain the specific relief demanded as long as the court can ascertain from the face of the complaint that some relief can be granted. " Doe v. United States Dept. of Justice (DC Cir. 1985) 753 F.2d 1092, 1104.

The sole issue raised by a Motion for judgment on the pleadings is whether the facts pleaded would, if established, support a plausible claim for relief. Thus, no matter how improbable the facts alleged are, they must be accepted as true for purposes of the motion. Schwarzer, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (2005) ¶ 9:216, citing Bell Atlantic Corp. v.Twombly, supra, 550 US at 556, 127 S.Ct. at 1965; Bernheim v. Litt (2nd Cir. 1996) 79 F3d

318, 321.

In light of the error of the District Court granting the motion for judgment on the pleadings, despite the overwhelming facts demonstrating an agreement between Plaintiff and Defendant, the Court's Order should be reversed and remanded back to the District Court.

    D)    TRIAL COURT ERRED IN GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS WITHOUT FULLY CONSIDERING THE ALLEGATIONS AND INFERENCES IN COMPLAINT

**I. Plaintiff and Defendant Entered Into A Valid Enforceable Written Agreement That Provided That Plaintiff Would Be Sent a Final Modification Upon Completion of Payments**

In making its ruling on a dismissal, the Court relies heavily on Bustamante v. Intuit, Inc., 141 Cal. App. 4th 199, 213 (2006), stating that an agreement to agree is unenforceable. In Bustamante, the parties failed to formalize their working relationship but had begun to work together in creating a joint venture. Further, the parties anticipated that there would be significant third party involvement in formalizing the final agreement. Id. The Bustamante court found that the significant third party involvement as well as limited formal agreement was insufficient to infer an agreement.

In this case, the agreement between Plaintiff and Defendant is

8

distinguishable. Plaintiff and Defendant already have an existing contractual relationship memorialized by the Note on Plaintiff's real property. This existing agreement is definite and certain and contains material terms agreed to by both parties. That agreement serves as a foundation for the modification agreement, which Plaintiff sought when he fell behind on his contractual payments.

Defendant sent Plaintiff a signed, written agreement that provides that "After successful completion of the Trial Period Plan, CHASE will send you a Modification Agreement for your signature which will modify the Loan as necessary to reflect this new payment amount." After speaking with his lender and reviewing the Trial Plan agreement, Plaintiff believed that once he made the three trial payments he would be given a permanent loan modification which modified his monthly mortgage payments to the approximate payments made under the trial modification.

Plaintiff and Defendant intended to modify the existing mortgage with a lower payment. These terms were definite and certain and Defendant further represented to Plaintiff that Defendant would finalize the modification upon completion of payments. Defendants failed to do so and have breached their agreement.

## II. Defendant Breached the Agreement to Consider Plaintiff for a Loan Modification

The trial court failed to consider an additional agreement that Defendant

9

breached in the loan modification offer. In exchange for monthly payment, Defendant agreed to consider Plaintiff for a loan workout solution. However, Defendant failed to consider Plaintiff for a workout solution, instead determining that Plaintiff failed to provide all the required documentation and therefore denying him for any relief. Plaintiff alleged in his complaint that he provided all material documents requested by Defendant and the dismissal was a mistake.

### III. The Agreement Between Plaintiff and Defendant is Internally Contradictory and Raises Valid Issues of Fact that Cannot be Determined on a Motion for Judgment on the Pleadings

As pled in the complaint, and supported by the written agreement between Plaintiff and Defendant, Plaintiff entered into an agreement that would give him a permanent loan modification once he complete three payments over a three-month period. However, the agreement and representations are contradictory as they both promise to provide a final modification upon completion of payments as well as "consider Plaintiff for a modification." Where the existence of a contract is at issue and the evidence is conflicting or admits of more than one inference, it is for the trier of fact to determine whether the contract actually existed. But if the material facts are certain or undisputed, the existence of a contract is a question for the court to decide. Robinson & Wilson, Inc. v. Stone (1973) 35 Cal. App. 3d 396, 407 [110 Cal. Rptr. 675].)

Here, the facts and evidence admit multiple inferences. The agreement

10

provides that a final modification WILL be provided upon completion of the plan payments.  The agreement also states that Defendant will consider Plaintiff for a modification.  These inferences are supplemented by statements made by Defendant to Plaintiff that he would be provided with a modification upon completion of the payments.  Because there are multiple inferences from the facts, the existence of a contract is at issue and must be determined by the trier of fact.  As a result, the district court erred in dismissing all of Plaintiff's claims based on the conclusion that there was no agreement.

## **CONCLUSION**

The District Court's Order Granting Defendants' Motion to Dismiss should be reversed and remanded back to U.S. District Court as the Granting of Summary Motion at this pleading stage does NOT comport with Ninth District precedent, and the court exercised an abuse of discretion in its ruling on the matter without considering the allegations in the matter.

//

//

//

//

//

//

## STATEMENT OF RELATED CASES

[*9thCir. Rule 28-2.6*]

Pursuant to *Rule 28-2.6* of the Ninth Circuit Rules, Appellants is aware of case 5:12-cv-00389-RGK-DTB which is related to the above-entitled action.

DATED this July 9, 2013.         **DE NOVO LAW FIRM**

                         By:    s/ Benjamin Yrungaray
                                Benjamin Yrungaray
                                **DE NOVO LAW FIRM**
                                *Attorney for Appellant*

Form 6.     **Certificate of Compliance With Type-Volume Limitation, Typeface Requirements, and Type Style Requirements**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

   ☒ this brief contains 2,894 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   ☐ this brief uses a monospaced typeface and contains _____ lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   ☒ this brief has been prepared in a proportionally spaced typeface using *(state name and version of word processing program)* 2008 Microsoft Word *(state font size and name of type style)* 14 point Times New Roman Fond, *or*

   ☐ this brief has been prepared in a monospaced spaced typeface using *(state name and version of word processing program)* _____ with *(state number of characters per inch and name of type style)* _____.

Signature: s/ Benjamin Yrungaray

Attorney for: Amro Albanna, Appellant

Date: July 10, 2013

| 9th Circuit Case Number(s) | 12-57332 |
|---|---|

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) July 10, 2013 .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format)   s/ Benjamin Yrungaray

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)